UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60298-CIV-COHN-SELTZER

PAUL SMITH-PIERRE,

        Plaintiff,

v.

FIDELITY NATIONAL INDEMNITY
INSURANCE COMPANY,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Fidelity National Indemnity

Insurance Company's Motion for Summary Judgment [DE 15] ("Motion").  The Court

has considered the Motion, Defendant's Memorandum in Support of the Motion [DE 17]

("Memorandum"), Plaintiff Paul Smith-Pierre's Response [DE 21], the parties' related

submissions, and the record in this case, and is otherwise advised in the premises.[1]

## I.  BACKGROUND

This dispute is based on the parties' disagreement regarding Plaintiff's ability to

recover certain payments under his flood loss insurance policy with Defendant.  The

policy at issue is a National Flood Insurance Program ("NFIP") Standard Flood

Insurance Policy ("SFIP") General Property Form.  See 44 C.F.R. Pt. 61, App'x A(2);

SFIP Declaration Page [DE 17-1].  Defendant issued the SFIP through the Federal

Emergency Management Agency's ("FEMA's") Write-Your-Own ("WYO") program.  The

---

[1]  The Court notes that Defendant did not file a timely Reply in support of its
Motion.

WYO program allows private insurance companies, like Defendant, to issue standard flood insurance policies in their own names.  See 44 C.F.R. § 62.23(f).  By statute, a WYO carrier acts as a "fiscal agent" and "fiduciary" of the United States.  See 42 U.S.C. § 4071(a)(1); 44 C.F.R. § 62.23(f).

The following material facts are not in dispute.  Plaintiff's SFIP was in effect on or about August 10, 2009 when his property suffered damage due to flooding.  See SFIP Declaration Page.  After the flood loss event, Plaintiff submitted a timely claim to Defendant.  Per the terms of the SFIP, Defendant assigned an independent adjustor to Plaintiff's claim.  The adjustor estimated the total damage to Plaintiff's property to be $62,608.58.  See Roy Waytowich Report [DE 17-3].  On September 21, 2009, Plaintiff submitted a signed and sworn proof of loss in the amount of $62,608.58.  See Proof of Loss [DE 17-9].  On October 2, 2009, based on the adjustor's estimate and Plaintiff's proof of loss, Defendant issued payment to Plaintiff in the total amount of $62,608.58. See Checks [DE 17-2].

After receiving and accepting the payment, Plaintiff informed Defendant that he disagreed with the adjustor's evaluation of the damage.  Plaintiff provided a new estimate for damage and repairs in the total amount of $108,893.36, an amount $46,284.78 more than Defendant paid pursuant to the original adjustor's estimate and Plaintiff's signed and sworn proof of loss.  On December 17, 2009, Robin Camus, a Claims Examiner with Defendant, sent a letter to Plaintiff partially denying the claim for additional amounts of money he was seeking.  See Robin Camus Letter [DE 17-4].

Based on Defendant's failure to pay the additional amount, Plaintiff filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County,

2

Florida [DE 1-2 at 4-7] ("Complaint") on September 21, 2010.  The Complaint asserts

one single count of breach of contract against Defendant for breach of the SFIP.

Defendant removed the action to this Court on February 10, 2011 based on federal

question jurisdiction [DE 1] ("Notice of Removal").[2]

On July 15, 2011, Defendant filed the instant Motion for Summary Judgment.

Defendant contends that Plaintiff cannot recover on his breach of contract claim

because the flood claim for the additional amount does not fit within the parameters of

the NFIP and SFIP statute and regulations.  The Court agrees.  Therefore, for the

reasons discussed below, the Court will enter summary judgment in Defendant's favor.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary

judgment "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(a).

The movant "bears the initial responsibility of informing the district court of the basis for

its motion, and identifying those portions of [the record] which it believes demonstrate

the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986).  To discharge this burden, the movant must show that "there is an

absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden, the burden of production shifts to the non-

moving party, who "must do more than simply show that there is some metaphysical

doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

---

[2]  Removal was timely, as Defendant was not served until January 25, 2011.
See Mem. at 4; Notice of Removal at 2.

3

U.S. 574, 586 (1986).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

### III. ANALYSIS

Defendant contends that it cannot pay Plaintiff's flood claim because (1) Plaintiff failed to comply with all conditions precedent set forth in SFIP Article VII(J) due to his failure to file a signed and sworn proof of loss for the additional amount sought, and (2) Plaintiff failed to file his suit in federal court within one year of the written denial of part of his claim.  The Court discusses each argument in turn.

### A. Proof of Loss

The SFIP expressly states, "You may not sue us to recover money under this policy unless you have complied with *all* requirements of the policy."  44 C.F.R. Pt. 61, App'x A(2) (emphasis added); see also Sanz v. U.S. Sec. Ins. Co., 328 F.3d 1314, 1318 (11th Cir. 2003) ("the insured must adhere strictly to the requirements of the

standard federal flood insurance policy before any monetary claim can be awarded against the government").  Because an insurer's payments under the SFIP are "a direct charge on the public treasury," Gowland v. Aetna, 143 F.3d 951, 955 (5th Cir. 1998), "the judiciary is powerless to [issue a ruling that] would encroach upon the appropriation power granted exclusively to Congress by the Constitution," id.

The proof of loss requirement is one such requirement with which the insured must comply before filing suit.  See 44 C.F.R. Pt. 61, App'x A(2); Sanz, 328 F.3d at 1318-19; 44 C.F.R. Pt. 61 App'x A(1) Art. VII(J)(4).   The proof of loss requirement provides, "In case of a flood loss to insured property, you must: . . . Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you . . ."  44 C.F.R. Pt. 61 App'x A(1) Art. VII(J)(4).  FEMA possesses exclusive power to waive program requirements.  See 44 C.F.R. Pt. 61, App'x A(1) Art. VII(D) ("This policy cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator"); 44 C.F.R. § 61.139(d) ("no provision of the said documents shall be altered, varied, or waived other than by the express written consent of the Federal Insurance Administrator"); see also Flick v. Liberty Mut. Ins. Co., 205 F.3d 386, 395-96 (9th Cir. 2000) cert denied 531 U.S. 927 (2000) (finding that the power to dispense with the proof of loss requirement is exclusively FEMA's, and courts may not read the regulations leniently); Ambassador Beach Condo. Ass'n, Inc. v Omaha Prop. & Cas. Ins. Co., 152 F. Supp. 2d 1315, 1316 (N.D. Fla. 2001) ("No provision of the [SFIP] can be altered or waived without the express written consent of the Federal Insurance Administrator.").  Thus, if the insured wishes to file his proof of loss after the 60-day

5

deadline expires or to forego the requirement altogether, he may only do so with FEMA's express written authorization.  See Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1342 (11th Cir. 2007).  As such, an insured's "failure to file a proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery."  Sanz, 328 F.3d at 1319.

The parties agree that Plaintiff submitted a sworn proof of loss for $62,6078.58, and that Defendant paid Plaintiff for this amount.  See Proof of Loss; Checks. However, Defendant contends that Plaintiff did not submit any sworn proof of loss for the additional amount he seeks to recover.  Plaintiff points to no such evidence, nor does he demonstrate that he obtained any written waiver authorized by FEMA. Therefore, Plaintiff cannot recover for the additional $46,284.78 because he never submitted a sworn proof of loss for that amount.  See Ambassador Beach, 152 F. Supp. 2d at 1317 (granting summary judgment in favor of insurer where insurer had already received and accepted payment for the full amount of flood damages claimed in its initial proof of loss and did not submit a timely proof of loss in support of its additional payment request).

In his Response, Plaintiff seemingly argues that he already complied with the SFIP requirements by submitting his original sworn proof of loss within 60 days of the loss.  See Resp. at 4.  Yet, Plaintiff's original proof of loss cannot fulfill his obligation to submit a proof of loss for amounts not covered by the original proof of loss.  See Ambassador Beach, 152 F. Supp. 2d at 1317.  The proof of loss "requirement is important because it ensures the Plaintiff has carefully considered the information submitted to the government," Bullard v. Connor, 716 F. Supp. 1081, 1086 (N.D. Ill.

6

1989), and serves to deter fraud, see, e.g., Plywood Prop. Assocs. v. Nat'l Flood Ins. Program, 928 F. Supp. 500, 508-10 (D.N.J. 1996) (finding proof of loss is a "claim" within the meaning of the False Claims Act).  Nothing on this record demonstrates that Plaintiff signed and swore to the additional $46,284.78 in compliance with the SFIP statute and regulations.  Therefore, the additional amount requested is not authorized under the SFIP provisions, and Plaintiff cannot recover the additional $46,284.78.

## B. Filing in Federal Court

In addition to Plaintiff's failure to file a signed and sworn proof of loss for the additional amount sought, he also failed to file his lawsuit in the proper forum.  The SFIP provides as follows:

> If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and *you must file the suit in the United States District Court* of the district in which the insured property was located at the time of loss.

44 C.F.R. Pt. 61, App'x A(2) (emphasis added); see also 42 U.S.C. § 4072 ("the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated . . .").

Defendant partially denied Plaintiff's request for additional payment on December 17, 2009.  See Camus Letter.[3]  At the time of loss, Plaintiff's property was

---

[3]  The Court also notes that the Camus Letter informed Plaintiff, "should you wish to challenge [Defendant's] position in this matter, you must file a lawsuit *within 12 months* of the denial of claim letter, *and your lawsuit must be filed in federal court*." Camus Letter at 1 (emphasis added).

located within the Southern District of Florida.  Therefore, pursuant to the statutes and

regulations, Plaintiff was required to file suit in the Southern District of Florida within one

year of December 17, 2009, see 44 C.F.R. Pt. 61, App'x A(2); see also 42 U.S.C. §

4072, but Plaintiff failed to do so.  Instead, he filed in state court on September 12,

2010.  The case only came before this Court upon Defendant's Notice of Removal on

February 10, 2011.  Defendant therefore argues, and the Court agrees, that Plaintiff

cannot recover on his claim because he failed to file suit in a United States District

Court within one year of the denial of his claim.  Plaintiff makes no argument in

response.

        Similar to James v. Auto Owners Insurance Co., 1998 WL 914241, at *1 (S.D.

Ga. Dec. 10, 1998), where filing suit based on the denial of an SFIP flood claim in state

court was analogous to filing the case "in [the plaintiff's] kitchen drawer," id., even

where the case was later removed to federal court, Plaintiff's filing this case in state

court was similarly improper, and his one-year time limit to file in federal court has now

expired.  As the Eleventh Circuit held in Hairston v. Travelers Cas. & Sur. Co., 232 F.3d

1348 (11th Cir. 2000), the SFIP statute confers exclusive jurisdiction on federal courts,

and a plaintiff's filing in state court does not toll the statute of limitations, id. at 1350-51,

1353; see also Castro v. Fidelity Nat'l Ins. Co., 2007 WL 1173072, at *4 (S.D. Fla. April

18, 2007) (finding statute of limitations barred NFIP claims where plaintiff filed in state

court and action was subsequently removed to federal court after limitations period had

expired).

        Thus, in addition to Plaintiff's failure to comply with the proof of loss requirement,

his claim also fails because he did not comply with the filing requirements within the

8

applicable statute of limitations.  Accordingly, the undisputed facts show that Plaintiff

cannot recover on his breach of contract claim.  As a result, the Court will grant

summary judgment in Defendant's favor.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Fidelity National Indemnity

Insurance Company's Motion for Summary Judgment [DE 15] is **GRANTED**.  The Court

will enter a separate judgment consistent with the above ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 7th day of September, 2011.

_James I. Cohn_
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF